UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JASMINE R. ROBESON,

    Petitioner,

v.

NICOLE ENGLISH, Warden,
F.C.I. - Waseca,

    Respondent.

Civil No. 11-3237 (DSD/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

In 2002, Petitioner was indicted in the United States District Court for the Western District of North Carolina for violating federal drug laws.  She later pled guilty to Conspiracy to Possess with Intent to Distribute Crack Cocaine.  The trial court found that Petitioner's

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); <u>Mickelson v. United States</u>, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); <u>Rothstein v. Pavlick</u>, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

offense involved 68.9 grams of crack cocaine.  (Petitioner's Memorandum, [Docket No. 2], p. 3.)[2]  Based on that finding, Petitioner was sentenced to 121 months in federal prison.[3] Petitioner is currently serving her sentence at the Federal Correctional Institution in Waseca, Minnesota.

After Petitioner was convicted and sentenced, she filed a direct appeal and a motion for relief under 28 U.S.C. § 2255.  See United States v. Robeson, 231 Fed.Appx. 222 (4th Cir. 2007) (unpublished opinion).  Petitioner's conviction and sentence were upheld in those proceedings.  Petitioner has also challenged her sentence in several motions filed in the trial court pursuant to 18 U.S.C. § 3582, but those motions were unsuccessful.[4]

Some of Petitioner's most recent § 3582 motions were based on the Fair Sentencing Act, ("FSA"), which was enacted in August 2010.  All of Petitioner's FSA claims were summarily dismissed by the trial court in a brief order dated October 19, 2011.[5]

On November 2, 2011, Petitioner filed her current application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is now renewing her quest for a reduced

---

[2] It appears that Petitioner's plea agreement may have included a stipulation regarding the quantity of the crack cocaine involved in her offense, but the Court is unable to fully verify whether that is the case.  In any event, the trial court's quantity determination is not at issue here.

[3] The trial court record, most of which is accessible by means of the Electronic Case Filing system maintained by the federal judiciary, indicates that Petitioner's sentence was later reduced from 121 months to 120 months.

[4] Although, as previously noted, (see n. 3, supra), it appears that one of Petitioner's motions resulted in a one month reduction of her sentence.

[5] Petitioner's recent § 3582 motions, and the trial court's order dated October 19, 2011, have been reviewed by means of the federal judiciary's Electronic Case Filing system.

sentence pursuant to the FSA. Petitioner contends that she is "actually innocent" of the sentence imposed by the trial court, because if the FSA had been in effect at the time of her conviction and sentencing, she would have received a shorter sentence. As explained by Petitioner:

> "It now takes 28 grams of cocaine base to trigger a 5 year sentence and 280 grams to trigger a 10 year sentence. [ ¶ ] Petitioner was convicted and sentenced to a 10 year term of incarceration for a weight of 68.9 grams of cocaine base/crack, clearly not an amount sufficient to invoke a 10 year/120 month sentence [under the FSA]."

(Petitioner's Memorandum, [Docket No. 2], p. 3.)

In short, Petitioner claims that her current sentence must be vacated pursuant to the FSA. However, that claim must be rejected, for the reasons discussed below.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his or her conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his or her conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255...

3

and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his or her original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the sentence imposed by the trial court in her federal criminal case. Petitioner claims that her current sentence should be vacated, and she should now be released, because the sentencing law applicable to her offense was amended by the FSA. Because Petitioner is directly challenging the validity of the sentence imposed by the trial court judge in her criminal case, her current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

Petitioner could reasonably argue that the savings clause should be applied to this case. She is not eligible for relief under § 2255, because (a) she has already used her one chance to bring a § 2255 motion, and (b) the one-year statute of limitations that applies to § 2255 motions has already expired. (See 28 U.S.C. § 2255(f) and (h).) Moreover, the claim presented in the current petition could not have been brought in Petitioner's previous § 2255 motion, because the FSA was not enacted until after that motion had been

4

decided.[6]  Thus, the savings clause is arguably applicable here.  However, even if the savings clause is applicable, (as the Court will assume for now), Petitioner's current habeas corpus petition still must be summarily dismissed, because her current claim for relief plainly fails on the merits.

As Petitioner correctly asserts, the FSA "amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10-year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum."  United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 F.3d 1833 (2011).  Petitioner's submissions show that she was convicted for an offense involving 68.9 grams of cocaine base.  Therefore, if the FSA were retroactively applicable, so that Petitioner could be re-sentenced under the FSA, it appears that the mandatory minimum sentence for Petitioner's offense would now be five years, rather than ten years.

Petitioner boldly declares that "[t]he Fair Sentencing Act is now retroactive." (Petitioner's Memorandum, p. 4.)  However, that simply is not true.  In fact, it is abundantly clear that the FSA is not retroactively applicable to cases in which a sentence was imposed before the effective date of the new law.  Since the enactment of the FSA, numerous federal courts have considered whether the law is retroactively applicable to cases in which the defendant was sentenced before the FSA went into effect.  Those courts have uniformly

---

[6] Petitioner could be eligible to file another § 2255 motion if her claim were based on a new rule of constitutional law that was retroactively applicable, (see 28 U.S.C. §§ 2255(f)(3) and 2255(h)(2)), but Petitioner's claim is based on a statutory change, not a new court ruling on a constitutional issue.  Therefore, Petitioner presumably could not raise her current claim in a new § 2255 motion.

concluded that the FSA is not retroactively applicable to such cases.[7]

The Court of Appeals for the Sixth Circuit was the first federal appellate court to consider whether the FSA is retroactively applicable. In United States v. Carradine, 621 F.3d 575 (6th Cir. 2010), cert. denied, 131 S.Ct. 1706 (2011), the court squarely held that the FSA is not retroactively applicable to cases in which a sentence was imposed before the FSA was signed into law on August 3, 2010. The court pointed out that 1 U.S.C. § 109, (commonly referred to as "the general savings statute"), requires federal courts to apply the sentencing law in effect when a criminal offense was committed, unless the sentencing law is later amended, and Congress has expressly declared that the amended statute should be applied retroactively. Congress did not declare that the FSA should be applied retroactively. Therefore, the Sixth Circuit concluded in Carradine that the FSA cannot be applied retroactively. The court explained that –

> "The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language. Consequently, we must apply the penalty provision in place at the time Carradine committed the crime in question."

---

[7] In several recent cases, courts have held that the FSA can be applied retroactively to criminal defendants whose offenses were committed before the FSA was enacted, but whose sentences were imposed after the enactment date. See e.g., United States v. Dixon, 648 F.3d 195, 203 (3rd Cir. 2011) ("[w]e hold that the FSA requires application of the new mandatory minimum sentencing provisions to all defendants sentenced on or after August 3, 2010, [the FSA enactment date] regardless of when the offense conduct occurred"). However, this more recent case law does not alter the well-established rule that the FSA is not retroactively applicable to defendants who were sentenced before the FSA was enacted. See id., 648 F.3d at 198, n. 3. Furthermore, the Eighth Circuit has concluded that the FSA is never retroactively applicable to defendants whose crimes were committed before the enactment date – even if sentencing does not occur until after the enactment date. United States v. Sidney, 648 F.3d 904, 910 (8th Cir. 2011) ("this Court holds that the FSA is not retroactive, even as to defendants who were sentenced after the enactment of the FSA where their criminal conduct occurred before the enactment").

Carradine, 621 F.3d at 580.

Petitioner apparently believes that Carradine was wrongly decided, and should not be followed here. However, this court has no choice but to follow Carradine, because the Eighth Circuit has expressly adopted Carradine's reasoning and conclusion regarding the retroactivity of the FSA. In at least four recent cases, the Eighth Circuit has agreed that, pursuant to 1 U.S.C. § 109, the FSA cannot be applied retroactively. United States v. Brown, 396 Fed.Appx. 328 (8th Cir. 2010), (unpublished opinion), (18 U.S.C. § 841 "has been amended to raise the threshold for imposition of a 120-month minimum prison sentence, see Fair Sentencing Act of 2010,... but the amendment was not made retroactive") (citing Carradine) (emphasis added); United States v. Brewer, 624 F.3d 900, 909, n. 7 (8th Cir. 2010) ("the Fair Sentencing Act contains no express statement that it is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed") (citing Brown and Carradine), cert. denied, 131 S.Ct. 1805 (2011); United States v. Williams, 413 Fed.Appx. 928, 930 (8th Cir. 2011), (unpublished opinion) (citing other Circuit Court decisions holding that FSA is not retroactively applicable); United States v. Orr, 636 F.3d 944, 958 (8th Cir. 2011) ("as we have previously recognized, Congress expressed no desire in the FSA that the law be applied retroactively, and consequently the federal Savings Statute clearly forecloses... [the] argument for retroactive application"), pet. for cert. filed, July 22, 2011, (No. 11-5485).

Moreover, Brown, Brewer, Williams, and Orr, (as well as Carradine), are hardly anomalies. As far as the Court can tell, every federal court that has considered the retroactivity issue has concluded that the FSA is not retroactively applicable to defendants who were sentenced before the FSA was enacted on August 3, 2010. See Gomes,

621 F.3d at 1346; United States v, Diaz, 627 F.3d 930, 931 (2nd Cir. 2010), (per curiam); United States v. Bell, 624 F.3d 803, 814-15 (7th Cir. 2010), cert. denied, 131 S.Ct. 2121 (2011); United States v. Reevey, 631 F.3d 110, 114 (3rd Cir. 2010), cert. denied, 131 S.Ct. 2947 (2011); United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011), cert. denied, No. 11-5912 (U.S. Oct. 3, 2011), 2011 WL 4536465. See also United States v. Wagnoner, Crim. No. 88-93(3) (PAM), (D.Minn. Oct. 28, 2010) (Magnuson, J.), 2010 WL 4363429 at *1 ("[a]s the Eighth Circuit recently noted, because the Fair Sentencing Act contains no express language that it is retroactive, 'the statutory minimum existing at the time the offense was committed governs'") (quoting Brown, supra, and citing Carradine, supra).

Petitioner's citation to Barney v. English, Civil No. 11-166 (ADM/LIB), shows that she already knows that the claim raised in her current habeas corpus petition has been previously rejected in this District. See Barney v. English, Civil No. 11-166 (ADM/LIB), (D.Minn. 2011), 2011 WL 832476. Petitioner obviously believes that Barney was wrongly decided. However, the District Court's ruling in Barney was affirmed on appeal [Docket No. 18], which shows that – at least as far as our Court of Appeals is concerned – Barney was not wrongly decided, and that Brown, Brewer, Williams, and Orr continue to be "good law."

In sum, the Court concludes, based on the authorities cited herein, that the FSA cannot be applied retroactively, which means that Petitioner's sentence cannot be modified based on the FSA. The Court will therefore recommend that Petitioner's current habeas corpus petition be denied on the merits, and that this action be dismissed with prejudice.

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application for leave to proceed in forma

pauperis, ("IFP"), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.     Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**;

2.     Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED**; and

3.     This action be summarily **DISMISSED WITH PREJUDICE**.

Dated:     November 11, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 28, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.